IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

        v.                                              06-CR-044-wmc-01

RYAN R. PAPENFUSS,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Ryan R. Papenfuss' supervised release was held on October 12, 2010, before U. S. District Judge William M. Conley. The government appeared by Assistant U. S. Attorney Paul W. Connell. Defendant was present in person and by counsel, Anthony Delyea. Also present was U. S. Probation Officer Traci L. Jacobs.

From the record, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on April 27, 2006, following his conviction for possession of a listed chemical, pseudoephedrine, to be used to manufacture methamphetamine, a Schedule II controlled substance in violation of 21 U.S.C. § 841(c)(2). This offense is a Class C felony. Defendant was committed to the custody of

the Bureau of Prisons to serve a term of imprisonment of 57 months, with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on November 3, 2008.

On August 29, and September 13, 2010, defendant violated Special Condition No. 3 which prohibits him from the use of illegal drugs, when he smoked methamphetamine. Defendant also violated Special Condition No. 3 when on August 30, 2010, he attempted to dilute his urine specimen, and submitted a urine specimen that was the urine of a friend's son. On September 3, 2010, he violated Special Condition No. 3 which requires him to participate in substance abuse treatment when he failed to report for a drug test. On September 14, 2010, defendant violated Standard Condition No.3 requiring him to answer truthfully all inquiries by the probation officer, when he denied to his supervising U.S. probation officer that he had used methamphetamine.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release, or modify the conditions of supervision upon a finding of a Grade C violation.

CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 36-month term of supervised release imposed on defendant on April 27, 2006, will be revoked.

Defendant's criminal history category is III. With a Grade C violation and a criminal

history category of III, defendant has an advisory guideline term of imprisonment of 5 to 11 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, the Court has selected a sentence below the guideline range with more stringent conditions of supervised release.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on April 27, 2006, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of one day. The Court orders that one-day credit be given for defendant's appearance today. An 24-month term of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect with the addition of the following special conditions:

> Spend up to 90 days in a residential reentry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment, and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer. This condition is stayed provided Mr. Papenfuss does not violate the substance, alcohol or gambling abuse conditions set forth here.
>
> Participate for a period of up to 90 days in a home detention program that may include location monitoring. Defendant shall not be responsible for the cost of

location monitoring.

Obtain and successfully complete outpatient treatment for his drug and alcohol use at his expense.

Refrain from incurring new credit charges, opening additional lines of credit, or opening other financial accounts without the prior approval of the supervising U.S. probation officer.

Participate in financial counseling at his own expense, as approved by the supervising U.S. probation office.

Not transfer, give away, sell or otherwise convey any asset without the prior approval of the supervising U.S. probation officer.

Not enter any establishment whose primary business is the sale of alcoholic beverages.

Not participate in any form of gambling, including the purchase of lottery tickets, or patronize any gambling facilities, and shall participate in a gambling addiction program or individual counseling, as approved by the supervising U.S. probation officer.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 12th day of October 2010.

BY THE COURT:
/s/

_____
William M. Conley
U.S. District Judge