IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                                       ORDER

      v.                                                  06-CR-044-wmc-01

RYAN R. PAPENFUSS,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Ryan J. Papenfuss' supervised release was held on August 5, 2011, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Paul W. Connell. Defendant was present in person and by counsel, Supervisory Associate Federal Defender Michael W. Lieberman. Also present was U.S. Probation Officer Traci L. Jacobs.

From the record I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on April 27, 2006, following his conviction for possession of a listed chemical, pseudoephedrine, to be used to manufacture methamphetamine, a Schedule II controlled substance in violation of 21 U.S.C. § 841(c)(2). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 57 months, with a 36-month term of supervised release to follow.

Defendant began his first term of supervised release on November 3, 2008. This term of supervised release was revoked on October 12, 2010, after defendant used methamphetamine, lied about his drug use, tampered with drug testing, and failed to report for a drug test. Defendant was sentenced to time served, to be followed by a 24-month term of supervised release.

On October 12, 2010, defendant's second term of supervised release commenced.

On May 26 and May 31, 2011, the defendant submitted sweat patches which tested positive for methamphetamine and subsequently admitted to having smoked methamphetamine. Defendant further admitted that he removed the sweat patch prior to smoking methamphetamine in an attempt to subterfuge the drug testing process. Defendant's use of methamphetamine is a violation of Standard Condition No. 7 prohibiting him from using any narcotic or other controlled substance, and Special Condition No. 3 prohibiting him from the use of illegal drugs. Defendant's attempt to subterfuge the drug testing process is a violation of Special Condition No. 3 which requires him to submit to drug testing. Also on May 26 and May 31, 2011, defendant associated with Heather Mead, a known methamphetamine user, in violation of Special Condition No. 3 and Standard Condition No. 9 which prohibit his association with drug users.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the Court has the discretion to revoke supervised release, extend it or modify the conditions of release upon the finding of a Grade C violation.

CONCLUSIONS

Defendant's violations justify revocation but the Court will instead modify his conditions of release, and postpone sentencing on the violations for a period of one year. Defendant will have an opportunity to more fully comply with his conditions of release but not without additional reporting requirements, to include more frequent contact with his supervising U.S. probation officer and monthly telephone conferences with the Court through the Court Intervention Program. Further, the 90-day Residential Reentry Center Placement that was stayed on October 12, 2010, will be imposed.

ORDER

IT IS ORDERED that sentencing on the violations of supervised release be postponed for a period of one year. Defendant is to remain on supervised release with all conditions previously imposed remaining in effect and with the following additional special conditions:

"Defendant shall have no less than weekly contact with his supervising U.S. probation officer as approved and arranged by the supervising officer."

"Spend up to 90 days in a residential reentry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment, and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer."

"Defendant shall have monthly telephone conferences with the Court, as arranged by the supervising U.S. probation officer. The conference calls may include other appropriate parties, including the supervising officer, treatment provider, assistant U.S. attorney, and defense counsel. The calls will be designed to assess and provide

3

feedback on the defendant's progress in areas including (but not necessarily limited to) treatment, employment, education, and supporting his dependents."

Entered this 5th day of August, 2011.

BY THE COURT:

William M. Conley
U.S. District Judge