IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

       v.                                     06-CR-044-wmc-01

RYAN R. PAPENFUSS,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Ryan J. Papenfuss' supervised release was held on August 18, 2011, before U.S. District Judge William M. Conley.  The government appeared by Assistant U.S. Attorney Peter M. Jarosz.  Defendant was present in person and by counsel, Supervisory Associate Federal Defender Michael W. Lieberman.  Also present was Chief U.S. Probation Officer Kent D. Hanson.

From the record I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on April 27, 2006, following his conviction for possession of a listed chemical, pseudoephedrine, to be used to manufacture methamphetamine, a Schedule II controlled substance in violation of 21 U.S.C. § 841(c)(2), a Class C felony.  Defendant was committed to the custody of the Bureau of

Prisons to serve a term of imprisonment of 57 months, with a 36-month term of supervised release to follow.

Defendant began his first term of supervised release on November 3, 2008. This term of supervised release was revoked on October 12, 2010, after defendant used methamphetamine, lied about his drug use, tampered with drug testing, and failed to report for a drug test. Defendant was sentenced to time served, to be followed by a 24-month term of supervised release.

On October 12, 2010, defendant's second term of supervised release commenced. On August 5, 2011, a judicial review hearing was held to address defendant's use of methamphetamine, association with a drug user, and his subterfuge of the drug testing process. Despite having good grounds to revoke, sentencing was postponed and defendant was placed in the Court Intervention Program for one year. A 90-day placement at a residential reentry center was also imposed and defendant warned that any further violation would result in jail, particularly if discovered rather than voluntarily disclosed to the Probation Office. On August 14, 2011, defendant violated Special Condition No. 3, which requires him to abstain from the use of alcohol. Moreover, he only admitted to his supervising probation officer that he had consumed an alcoholic beverage after being required to submit a urine specimen for testing of alcohol consumption.

Defendant's conduct falls into the category of a Grade C violation. Section

7B1.3(a)(2) of the advisory guidelines provides that the Court has the discretion to revoke supervised release, extend it or modify the conditions of release upon the finding of a Grade C violation.

## CONCLUSIONS

The defendant's ongoing noncompliance with the conditions of supervision justify revocation. However, it continues to appear that Papenfuss is capable of compliance. Following judicial review, the Court will, therefore, continue defendant on supervision provided he arranges for his return directly to the Fahrman Center at his expense in a manner acceptable to the Probation Office.

## ORDER

IT IS ORDERED that defendant be continued on supervision and that the order previously entered on August 5, 2011, remain in effect with the exception that he remain in custody until defendant has arranged to report back to Fahrman Center in Eau Claire, Wisconsin, immediately to continue serving his 90-day residential reentry center placement.

Entered this 18th day of August, 2011.

BY THE COURT:
/s/
William M. Conley
U.S. District Judge